IN THE TAX COURT OF THE
STATE OF OREGON

Anthony J. MAKSYM
*v.*
DEPARTMENT OF REVENUE
*and*
WASHINGTON COUNTY ASSESSOR,
*Intervenor*
(TC 3941)

Plaintiff (taxpayer) appeared *pro se*.

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, waived appearance at trial for defendant.

George McDowell, Assistant County Counsel, Washington County, represented intervenor (county).

Decision for defendant and intervenor rendered January 7, 1997.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals the specially assessed value of his personal residence for the 1993-94 tax year. Washington County (county) intervened and defended its assessment. The primary dispute concerns the value of the improvements.

The subject property consists of an .88 acre of land improved with a 1,500 square foot house and two attached garages. The main portion of the house was constructed in 1947. Taxpayer, who purports to know the property's history, indicated that the original owner later added the kitchen and utility room, a garage, bedroom and bath over a partial basement, and other additions. He testified that the additions to the house were not built with good materials, pointing out clay tile blocks in the foundation. Taxpayer testified the blocks have been cracking and leaking since he acquired the property in 1959. Taxpayer also indicated that the home was not built with the best workmanship, resulting in roof leaks and dry rot in a number of places.

When taxpayer acquired the property, he intended to make the necessary repairs. He purchased materials and installed some new siding. However, he soon realized that the needed repairs were too extensive and costly. Taxpayer's children grew up and his wife passed away. As a bachelor, he has continued to live on the property, but has not improved or even maintained it. He testified that flooding years ago had washed out part of the foundation and the house is now settling towards the center. He obtained an estimate from a contractor indicating it would cost in excess of $125,000 to repair the property. Taxpayer's opinion is that it would be better to destroy the property and build new rather than try to repair it.

The property has development potential, as it is zoned commercial professional. However, the house uses a septic tank and the nearest sewer line is 300 feet away. Although the property is located on the edge of a developed commercial area, its neighborhood is still residential. Taxpayer has elected to remain in the home and uses it as his residence. He applied for and received a special assessment under ORS 308.670. That statute allows owners of single family residences located in a commercial or industrial zone

to be assessed as single family use and not at a higher use. Also, the property must have been used as the principal residence of the owner for the five years prior to the application for special assessment. If approved, then the property is assessed and taxed as a single family residence. The statute requires a notation on the tax roll that there is potential for additional tax. If the property becomes disqualified for special assessment by reason of sale or otherwise, it is subject to an additional tax based on the difference between its specially assessed value as a single family residence and its real market value for a period of up to five years. *See* ORS 308.685.

In addition to testifying about the conditions of the property, taxpayer testified that it is located on a busy street. Also, the city-imposed costs of development for commercial purposes are discouraging to potential buyers. In taxpayer's opinion, the value of the property for single family residential use was $49,950. Unfortunately, taxpayer made the all too common mistake of trying to demonstrate the property's value through documents and testimony of the assessor's office, which he believed showed errors or verified his position.

Larry Strong, Appraisal Division Manager for Washington County, testified for intervenor. Although the property was originally appraised by another appraiser, he basically used the same information to prepare his own appraisal report. Relying only upon the sales comparison approach and using five comparable sales, he found an indicated range of value for the subject property of $99,720 to $145,430. Based on these sales he concluded that the property had a value of $110,500.

The court finds that intervenor's appraisal is unacceptable on several points. The appraisal shows the subject property as being a Class III property in "fair" condition. Based on the evidence, the court finds that the property is not in fair condition and it is doubtful that the property is of Class III quality. Considering the age and condition of the property, particularly the foundation, roof problems, and other water damage, it may be near the end of its useful life. It is not comparable to some of intervenor's sale properties.

For example, comparable sale number one was a brick veneer home and obviously of better quality and condition.

■      Several of the comparable sales were sold for development or had development potential. ORS 308.670 specifies that the specially assessed value shall be for a *single* family residence. This excludes any potential for development. Comparable sales with large lots that could be or were developed must be adjusted for this factor. Intervenor's appraisal makes no adjustment.

■      Although taxpayer provided evidence regarding the condition of the property, he failed to provide meaningful evidence regarding its market value. Taxpayer complains that the property faces a busy street. However, it is a large lot and may have attraction for a family with children or pets. Taxpayer declined to let the assessor see the inside of his house and introduced no evidence regarding the condition or attractiveness of the interior. Consequently, the court must assume that it is reasonably attractive and useful.

The court finds that taxpayer failed to establish that the value of the property, as a single family residence, is less than the assessed value on the roll. Accordingly, the court finds that the specially assessed value of the subject property as of July 1, 1993, was $73,510 allocated $40,950 to land and $32,560 to improvements. Costs to neither party.